```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                       Civil Action No. 08-3523

    _____

    In Regard to the Matter of:

    Bayside State Prison              OPINION/REPORT
    Litigation                           OF THE
                                      SPECIAL MASTER
    RENEE ACEVEDO

              -vs-

    WILLIAM H. FAUVER, et al,

              Defendants.
    _____


                     *      *      *      *

                  FRIDAY, JANUARY 23, 2009

                     *      *      *      *




    BEFORE THE HONORABLE JOHN W. BISSELL, SPECIAL MASTER
```

```
 1
 2
 3
 4            Transcript of proceedings in the above
 5   matter taken by Theresa O. Mastroianni, Certified
 6   Court Reporter, license number 30X100085700, and
 7   Notary Public of the State of New Jersey at the
 8   United States District Court House, One Gerry Plaza,
 9   Camden, New Jersey, 08102, commencing at 12:23 PM.
10
11
12
13
14
15
16
17
18           MASTROIANNI & FORMAROLI, INC.
19       Certified Court Reporting & Videoconferencing
20              251 South White Horse Pike
21               Audubon, New Jersey 08106
22                    856-546-1100
23
24
25
```

```
 1
 2    A P P E A R A N C E S:
 3
 4         ROSELLI & GRIEGEL, PC
           BY:  MARK ROSELLI, ESQUIRE
 5              - and -
           BY:  JAMES LAZZARO ESQUIRE
 6         1337 STATE HIGHWAY 33
           HAMILTON SQUARE, NEW JERSEY  08690
 7         609-586-2257
           ATTORNEYS FOR THE DEFENDANTS
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1           JUDGE BISSELL: I'm reopening
2  proceedings in the matter of Renee Acevedo,
3  docket number 08-3523.
4           This opinion is being issued pursuant
5  to the directives of the Order of Reference to a
6  Special Master and the Special Master's Agreement and
7  the guiding principles of law which underlie this
8  decision to be applied to the facts upon which it is
9  based as set forth in the jury instructions in the
10 Walker and Mejias jury charges to the extent
11 applicable to the allegations of Mr. Acevedo.
12          As finalized after review under Local
13 Civil Rule 52.1, this transcript will constitute the
14 written report required under paragraph seven of the
15 Order of Reference to a Special Master.
16          Mr. Acevedo was housed in E Unit at the
17 time of the lockdown in late July and August of 1997.
18 He testifies as to three particular incidents in
19 which he alleges to one extent or another he was
20 assaulted. I will recount them by way of summary as
21 follows: He said one of them occurred upon his
22 extraction from his cell for the cell to be searched
23 and his temporary removal to the gym for that
24 purpose. This, of course, was being done by SOG
25 officers. He alleged that there were strikings

1   against him to some extent and that he had bumped
2   into a dog handler in the course of that extraction.
3   However, even his descriptions indicate minimal
4   impact which do not rise to the level of excessive
5   force, even if I assume and accept that they
6   occurred.
7              He also makes allegations of a dog
8   walking on him in the gym, I believe while he was in
9   place at the rear of the gym, walking across the
10  backs of his legs while his legs were crossed.
11  However, that testimony was well refuted by that of
12  the SOG K-9 Officer Ruiz who testified later in these
13  proceedings.  Officer Ruiz testified that he was one
14  of two SOG K-9 officers who had their dogs with them.
15  His was a Rottweiler, as best I can recall, and that
16  of his fellow officer was a German Shepherd.
17             He testified unequivocally that no such
18  event occurred in connection with any patrolling that
19  he did in the gym with his dog and, furthermore,
20  testified that as far as the training for the
21  handling of dogs by K-9 officers when used in a
22  situation such as this, that they were never handled
23  in such a fashion, they were kept at a distance from
24  the inmates to be sure for the purposes of
25  controlling them, if necessary, but among other

1  things, to avoid any accidental bites. And that the
2  sort of bumping or walking on an inmate and any
3  reaction that inmate might have had to such a dog
4  would have been exactly the sort of thing that might
5  have provoked the dog and what the officers were
6  trained to avoid.
7              So I find that Officer Ruiz's testimony
8  here is by far the more credible and that while Mr.
9  Ruiz and his dog may well have been in the gym at the
10 time Mr. Acevedo was, there was no such sort of close
11 contact as Mr. Acevedo recounts.
12             The second and third incidents about
13 which Mr. Acevedo testified involve later alleged
14 intrusions into his cell by Sergeant Mitchell and
15 other officers. These included homosexual slurs and
16 are described in his transcript of August 15th at
17 pages 15 through 16, namely the first of those
18 incursions, and then page 19, the second incursion.
19             I find, frankly, that those incidents
20 are fabricated. At most, the credible evidence in
21 the record as a whole indicates that he may have been
22 confronted in his cell about yelling out of his
23 window, as were other inmates in that area of E Unit
24 who apparently had been engaged in the same conduct.
25             In this case there was a thorough

```
 1   Internal Affairs investigation done and a report
 2   prepared and that's reflected in D-386 in evidence
 3   which I have examined very closely.
 4                    There have been occasions, frankly,
 5   when some of the Internal Affairs reports I thought
 6   were incomplete and -- perfunctory would be too
 7   strong a word, but at least not as complete or
 8   professional as one would have expected.  That is not
 9   the case here.  The Internal Affairs Officer Riggins,
10   as I said, undertook a thorough investigation, took
11   statements, gave his own assessment as he's trained
12   to do and concluded as do I that the allegations
13   which he investigated and which are the same as those
14   asserted by Mr. Acevedo here in this court are
15   unsubstantiated and unproven.
16                    Finally, although not every item of
17   evidence has been discussed in this opinion/report,
18   all evidence presented to the Special Master was
19   reviewed and considered.  For the reasons set forth
20   above I recommend in this report that the district
21   court enter an order and judgment of no cause for
22   action with regard to Renee Acevedo.
23
24
25
```

C E R T I F I C A T E

1
2
3    I, Theresa O. Mastroianni, a Notary Public and
4    Certified Shorthand Reporter of the State of New
5    Jersey, do hereby certify that the foregoing is a
6    true and accurate transcript of the testimony as
7    taken stenographically by and before me at the time,
8    place, and on the date hereinbefore set forth.
9        I DO FURTHER CERTIFY that I am neither a
10   relative nor employee nor attorney nor counsel of any
11   of the parties to this action, and that I am neither
12   a relative nor employee of such attorney or counsel,
13   and that I am not financially interested in the
14   action.

15
16
17
18
19   *Theresa O. Mastroianni*
     Theresa O. Mastroianni, C.S.R.
20   Notary Public, State of New Jersey
     My Commission Expires May 5, 2010
21   Certificate No. XI0857
     Date: February 10, 2009
22
23
24
25